United States Court of Appeals
Fifth Circuit

**F I L E D**

April 28, 2004

Charles R. Fulbruge III
Clerk

In the
# United States Court of Appeals
## for the Fifth Circuit

––––––––––––

m 03-50624
Summary Calendar

––––––––––––

BLAYNE WILLIAMS,

Plaintiff-Appellant,

VERSUS

MARGO FRASIER,
SHERIFF, TRAVIS COUNTY, TEXAS,

Defendants-Appellees.

––––––––––––

Appeal from the United States District Court
for the Western District of Texas
m A-01-CV-470-JN

––––––––––––

Before SMITH, DEMOSS, and STEWART,
Circuit Judges.

PER CURIAM:[*]

––––––––––––

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited cir-
(continued...)

Blayne Williams sues for alleged violations of title VII and 28 U.S.C. § 1981. The district court dismissed for failure to prosecute. Finding no error, we affirm.

Williams asserts the following in the

––––––––––––

[*](...continued)
cumstances set forth in 5TH CIR. R. 47.5.4.

conclusion to his appellate brief:

> Williams hired an attorney to presecute his employment discrimination claims. Williams discovered at the end of the discovery period that his initial attorney had done virtually nothing to get his claims fairly adjudicated on the merits. Williams then hired present counsel to attempt to get his case properly before the Court. The only "litigation" of this case occurred between April 14, 2003 and May 27, 2003, about six (6) weeks. All Williams [*sic*] efforts were thwarted and upon appeal Williams request [*sic*] that this Court reverse and remand this case, with directions to allow Williams to amend his complaint, to open discovery for a six (6) month period and for the case to pursue a normal course, via a revised scheduling order, to a trial by jury, as the facts and law may dictate.

The district court, in its order of dismissal, provides a similarly gloomy assessment:

> Plaintiff failed to file a response to Defendant's motion [to dismiss, and, in the alternative, to compel sanctions]. Pursuant to Local Rule CV-7(d), Defendant's motion for dismissal is granted as unopposed.

> Plaintiff's failure to respond caps a demonstrated history of intransigence and delay. Plaintiff refuses to cooperate in discovery. Plaintiff refuses to respond to discovery requests, answer interrogatories, or appear for deposition. This case has been on the docket since July of 2001. To date, there has been no discovery.

Dismissal was therefore proper. We express no opinion on whether plaintiff, his previous attorney, or both are at fault. Especially in a civil proceeding, a party who acts through counsel cannot get a second bite at the apple because he perceives that counsel did not do enough. Nor do we express any view on whatever merits plaintiff might have attempted to present.

The judgment of dismissal is AFFIRMED.